## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

### ST. LOUIS/EASTERN DIVISION

### CASE NO.:  4:18-cv-1900

GARY GUY,

       Plaintiff,

vs.

J&J DISTRIBUTION, LLC,

       Defendant.

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, GARY GUY, for his Complaint against J&J DISTRIBUTION, LLC states and alleges as follows:

### SUMMARY

1. J&J DISTRIBUTION, LLC (hereinafter "Defendant") required and/or permitted GARY GUY (hereinafter "Plaintiff") to work approximately 40 hours per week but refused to compensate Plaintiff his proper compensation for one week of work.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA) and the Missouri Minimum Wage Law (MMWL), which requires employers to compensate employees the minimum wage for all hours worked.  *See*, 29 U.S.C. § 206(a) and § 290.500 RSMo. et seq.

3. Plaintiff, GARY GUY, is a FLSA covered employee who was not fully compensated for the hours he worked, as required by law, for which he now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, et seq. and 28 U.S.C. § 1331. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of Missouri because Defendant engages in business here and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

6. Plaintiff, GARY GUY, is a resident of St. Louis, Missouri.

7. Defendant, J&J DISTRIBUTION, LLC is a domestic limited liability company operating in Missouri. Service of process may be had on Defendant's registered agent, Johnny Lyn Wiggins, 1704 Woodwind Dr., Imperial, MO 63052, or wherever he may be found.

## COVERAGE

8. Defendant, J&J DISTRIBUTION, LLC is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant acted, either directly or indirectly, in the interest of an employer with respect to the Plaintiff.

10. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

12. Upon information and belief, at all times material to this Complaint, J&J DISTRIBUTION, LLC, has employees, including Plaintiff, who handled goods or materials moved in interstate commerce, including, but not limited to, telephones and equipment manufactured in other states.

13. At all times material hereto, in furtherance of Defendant's operations, Plaintiff individually engaged in interstate commerce by regularly and routinely utilizing instrumentalities of interstate commerce, such as roadways, thus affording Plaintiff the protections of the FLSA. Plaintiff was required to travel on roadways daily to deliver newspapers for Defendant.

## FACTUAL ALLEGATIONS

14. Defendant J&J DISTRIBUTION, LLC is a newspaper delivery company operating in Missouri.

15. Defendant employed Plaintiff, GARY GUY, as a delivery driver from on or about August 1, 2018 through on or about September 17, 2018.

16. Plaintiff worked an average of forty (40) hours per week for Defendant.

17. Defendant compensated Plaintiff $489.00 per week for all hours worked.

18. During his employment with Defendant, Plaintiff was suffered or permitted to work forty (40) hours in a workweek for Defendant without proper minimum wage compensation.

19. Defendant refused to compensate Plaintiff his paycheck from his first week of employment.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### (MINIMUM WAGE)

20. Plaintiff reavers and realleges paragraphs 1-19 above.

21. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

22. Defendant's failure to pay compensation to Plaintiff violates the FLSA.

23. Plaintiff is not exempt from the right to receive the appropriate minimum wage or overtime pay under the FLSA.

24. As a result of Defendant's failure to compensate its employees, including Plaintiff, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C).

25. Accordingly, Plaintiff is entitled to complete compensation for hours worked.

26. Additionally, Plaintiff is entitled to an amount equal to unpaid wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

27. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described pursuant to 29 U.S.C. § 216(b).

28. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

Case: 4:18-cv-01900-HEA Doc. #: 1 Filed: 11/07/18 Page: 5 of 7 PageID #: 5

29. Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate

## COUNT II
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF MISSOURI LAW

30. Plaintiff re-allege and incorporates paragraphs 1 through 19 as if fully set forth.

31. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the MMWL.

32. The MMWL regulates, among other things, the payment of minimum wages by employers, subject to limited exemptions not applicable herein. §§290.500(3) and (4), 290.505.1, RSMo.

33. During all times relevant to this action, Defendant was the "employer" of Plaintiff within the meaning of the MMWL. § 290.500(3), (4), RSMo.

34. During all times relevant to this action, Plaintiff was an "employee" within the meaning of the MMWL. § 290.500(3) RSMo.

35. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than the federal minimum wage. § 290.263, RSMo.

36. Plaintiff is entitled to damages equal to all unpaid overtime wages due within the two years preceding the filing of this Complaint plus periods of equitable tolling, along with an additional equal amount as liquidated damages. § 290.527, RSMo.

37. Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

38. Defendant is liable under § 290.527, RSMo. for Plaintiff's costs, expenses, and

5

reasonable attorneys' fees incurred in this action.

## COUNT III
## BREACH OF CONTRACT

39. Plaintiff reavers and realleges paragraphs 1-19 above.

40. Defendant entered into a contract to pay Plaintiff's wages for services performed.

41. Plaintiff performed under the said oral contract when he provided services for Defendant to its customers, and Defendant breached the contract when it failed to compensate Plaintiff any wages whatsoever for those services provided.

42. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid breach of contract damages and such other remedies as the court deems just and appropriate.

## COUNT IV
## UNJUST ENRICHMENT

43. Plaintiff reavers and realleges paragraphs 1-19 above.

44. Plaintiff conferred a benefit on Defendant when Plaintiff completed the job for the benefit of Defendant.

45. Defendant had knowledge of the benefit Plaintiff conferred upon it, accepted the benefit conferred by Plaintiff and has failed to pay Plaintiff.

46. The circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying the Plaintiff the compensation owed.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages and costs.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

A.  compensation for all unpaid hours worked at his agreed upon rate of pay;

A.  compensatory damages owed to him under the MMWL;

B.  an equal amount as liquidated damages as allowed under the FLSA;

C.  damages accrued for a three-year period;

D.  reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

E.  pre-judgment and post judgment interest at the highest rates allowed by law; and such other relief as to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No.: 31186
1776 N. Pine Island Rd., Suite 224
Plantation, Florida 33322
Main Phone:   800-719-1617
Facsimile:     (954) 585-4886
jloren@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*